# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2006-02857

Public Service Mutual Insurance as Subrogee, Plaintiff(s)
of Hillside Realty Trust d/b/a Hillside Motel

v.

ECS, Inc. d/b/a Empire Heating Systems, Defendant(s)

## SUMMONS

To the above-named Defendant: ECS, Inc. d/b/a Empire Heating Systems

You are hereby summoned and required to serve upon Michael P. Guagenty, Esq., Sloane & Walsh plaintiff's attorney, whose address is Three Center Plaza, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the 11th day of August, in the year of our Lord two thousand six.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____
_____
_____

Dated:_____; 200____.

**N.B. TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 200  .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. SUCV2006-02857

Public Service Mutual Insurance as Subrogee, Plff(s)
of Hillside Realty Trust d/b/a Hillside Motel

v.

ECS, Inc. d/b/a Empire Heating Systems, Deft(s)

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO.: |

PUBLIC SERVICE MUTUAL )
INSURANCE as Subrogee of Hillside )
Realty Trust d/b/a Hillside Motel, )
    Plaintiff, )
               )
v. )
               )
ECS, Inc., d/b/a )
Empire Heating Systems, )
    Defendant. )

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Public Service Mutual Insurance, as subroge of Hillside Realty Trust d/b/a Hillside Motel, is a corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 220 Forbes Road, Braintree, Norfolk County, Massachusetts.

2. Defendant, ECS, Inc., d/b/a Empire Heating Systems, is a corporation doing business under the laws of the Commonwealth of Massachusetts with a principle place of business at 918 Freeburg Avenue in Bellville, Illinois.

### GENERAL ALLEGATIONS

3. At all relevant times and at all times hereinafter mentioned, Defendant, ECS, Inc., was engaged in the design, manufacture, sale, packaging and distribution of electrical appliances, including, but not limited to, direct-vent wall furnace units

4. At all relevant times and at all times hereinafter mentioned, Defendant, ECS, Inc., represented and warranted that its direct-vent wall furnace units were safe, fit for their intended uses, and free of any defects.

5. In and before April 2004, Defendant, ECS, Inc., designed, manufactured, labeled, sold, packaged and distributed direct-vent wall furnace units (Model ID – DV-210) that were installed in rooms at the Hillside Motel located at 82 Marion Road in Mattapoiset, Massachusetts.

6. In and before April 2004, the direct-vent wall furnace units at the Hillside Motel were used and maintained in a safe and proper manner, without any alteration or modification, and in accordance with the manufacturer/distributor's instructions.

7. Plaintiff, Public Service Mutual Insurance, issued an insurance policy to the Hillside Realty Trust, as owner of the Hillside Motel in Mattapoiset, Massachusetts.

8. On April 11, 2004, the direct-vent wall furnace unit in Hillside Motel unit number 6 which was designed, manufactured, labeled, sold, packaged and distributed by the Defendant, ECS, Inc., was the direct and proximate cause of an extensive fire that damaged and/or destroyed property at the Hillside Motel.

9. The aforesaid fire caused damage and destruction to real and personal property, as well as loss of use thereof, all to the financial damage, loss and detriment of the Plaintiff, Public Service Mutual Insurance.

## COUNT I
## NEGLIGENCE v. ECS, INC.

10. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as if expressly rewritten and set forth herein.

11. The aforesaid fire and the resulting damages to the Plaintiff was proximately caused by the negligence and breaches of duties owed by Defendant, ECS, Inc., including, but not limited to the following:

    a. failing to properly design the direct-vent wall furnace unit (Model ID – DV-210) and its component parts;

    e. failing to properly manufacture the direct-vent wall furnace unit;

    c. failing to adequately test the direct-vent wall furnace unit to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

    d. placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

    e. marketing an inherently unsafe and/or dangerous product;

    f. misrepresenting that the direct-vent wall furnace unit was safe when the Defendant knew or should have know that the product was dangerous and unsafe;

    g. failing to warn consumers that the direct-vent wall furnace unit could cause or contribute to fire and/or fire damage;

    h. failing to make appropriate recommendations concerning the use, maintenance and storage of the direct-vent wall furnace unit;

    i. failing to properly withdraw or recall the c direct-vent wall furnace unit and/or its component parts from the marketplace;

    j. failing to comply with applicable federal, state and/or regulations concerning the design, manufacture, labeling, sale and packaging of the direct-vent wall furnace unit; and,

2

  k. otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses together with interest and costs.

### COUNT II
### STRICT LIABILITY v. ECS, INC.

12. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above, as if expressly rewritten and set forth herein.

13. Defendant ECS, Inc., designed, created, manufactured, packaged, labeled, sold, supplied and distributed the foregoing direct-vent wall furnace unit with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

  a. failing to properly design the direct-vent wall furnace unit (Model ID – DV-210) and its component parts;

  b. failing to properly manufacture the direct-vent wall furnace unit;

  c. failing to adequately test the direct-vent wall furnace unit to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

  d. placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

  e. marketing an inherently unsafe and/or dangerous product;

  f. misrepresenting that the direct-vent wall furnace unit was safe when the Defendant knew or should have known that the product was dangerous and unsafe;

  g. failing to warn consumers that the direct-vent wall furnace unit could cause or contribute to fire and/or fire damage;

  h. failing to make appropriate recommendations concerning the use, maintenance and storage of the direct-vent wall furnace unit; and,

  i. failing to properly withdraw or recall the direct-vent wall furnace unit and/or its component parts from the marketplace.

14. Defendant ECS, Inc., by its failure to adequate warn and by virtue of its products defective and unreasonably dangerous condition, caused the foregoing fire and is strictly liable for the damages sustained by the Plaintiff herein.

3

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses together with interest and costs.

## COUNT III
## BREACH OF WARRANTIES v. ECS, INC.

15. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 14 above, as if expressly rewritten and set forth herein.

16. ECS, Inc., designed, manufactured, fabricated, constructed, and sold a product, namely, the direct-vent wall furnace unit.

17. ECS, Inc., expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. ECS, Inc., was a merchant with respect to goods of the kind involved in the incident. ECS, Inc., knew or had reason to know of the particular purpose for which the goods were required and that Hillside Realty Trust was relying on ECS, Inc.'s skill and judgment to select and/or furnish suitable goods. ECS, Inc., also knew or had reason to know that the Hillside Realty Trust, and those utilizing the product, relied on the warranties made by ECS, Inc. ECS, Inc., breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff, as Subrogee, suffered damage and/or harm as a direct and proximate result of the breaches of said warranties by ECS, Inc. Due notice has been given ECS, Inc., of its breaches of warranty.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses together with interest and costs.

## COUNT IV
## BREACH OF CONTRACT v. ECS, INC.

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 above, as if expressly rewritten and set forth herein.

19. ECS, Inc., agreed to design, manufacture, produce and provide a direct-vent wall furnace unit that was safe, merchantable and fit for its intended uses.

20. ECS, Inc., breached its contract by failing to design, manufacture, produce and provide a direct-vent wall furnace unit that was safe, merchantable and fit for its intended uses.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses together with interest and costs.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1.  Enter a judgment against the Defendant declaring that the Defendant is legally and financially responsible for the damages that the Plaintiff sustained or incurred;

2.  Award Plaintiff compensatory damages against the Defendant in an amount equal to the damage it has incurred and suffered;

3.  Award Plaintiff the costs of suit, including attorneys' and expert witnesses' fees;

4.  Award Plaintiff interest, including, but not limited to, pre-judgment interest; and,

5.  Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
Plaintiff,
Public Service Mutual Insurance,
By its attorneys,

Dated: June 29, 2006

Anthony J. Antonellis
BBO No. 557964
Michael P. Guagenty
BBO No. 567176
SLOANE AND WALSH, LLP.
Three Center Plaza
Boston, MA 02108
617-523-6010

5

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: SUFFOLK | Docket Number |
|---|---|---|
| PLAINTIFF(S) PUBLIC SERVICE MUTUAL INSURANCE Subrogee of Hillside Realty Trust d/b/a Hillside Motel | DEFENDANT(S) ESC, Inc. d/b/a Empire Heating Systems | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Anthony J. Antonellis, Sloane and Walsh 3 Center Plaza, Boston, MA 02108 617-523-6010 Board of Bar Overseers number: 557964 | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Negligence/Products Liability | (A) | (x) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $..........
  2. Total Doctor expenses .................................................. $..........
  3. Total chiropractic expenses .......................................... $..........
  4. Total physical therapy expenses .................................... $..........
  5. Total other expenses (describe) .................................... $..........
      Subtotal $..........
B. Documented lost wages and compensation to date ............ $..........
C. Documented property damages to date ............................ $ 163,505.60
D. Reasonably anticipated future medical and hospital expenses  $..........
E. Reasonably anticipated lost wages .................................... $..........
F. Other documented items of damages (describe)
      $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   A direct-vent wall furnace unit designed, manufactured, labeled, sold, packaged and distributed by the defendant was the direct and proximate cause of a fire that damaged and/or destroyed property at the Hillside Motel. The plaintiff insured the $ 163,505.60 real and personal property at Hillside Motel and has suffered financial damages TOTAL: $ 163,505.60 and loss.

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL  $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____  DATE: _____
                                 Anthony J. Antonellis

A.O.S.C. 2003

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

7745

CIVIL DOCKET# SUCV2006-02857-D

RE: Public Service Mutual Insurance v ECS, Inc d/b/a Empire Heating Systems

TO: Anthony J Antonellis, Esquire
Sloane & Walsh
3 Center Plaza
8th Floor
Boston, MA 02108

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 10/01/2006 |
| Response to the complaint filed (also see MRCP 12) | 11/30/2006 |
| All motions under MRCP 12, 19, and 20 filed | 11/30/2006 |
| All motions under MRCP 15 filed | 09/26/2007 |
| All discovery requests and depositions completed | 08/21/2008 |
| All motions under MRCP 56 served and heard | 10/20/2008 |
| Final pre-trial conference held and firm trial date set | 02/17/2009 |
| Case disposed | 07/02/2009 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session D sitting in CtRm 314, 3 Pemberton Square, Boston, **Suffolk Superior Court.**

Dated: 07/11/2006

Michael Joseph Donovan
Clerk of the Courts
BY: Jane M. Mahon
Assistant Clerk

Location: CtRm 314, 3 Pemberton Square, Boston
Telephone: 617-788-8110

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca 2.wpd 20030105 conjury poveraje